UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVE ALEXANDERSON,<br><br>             Plaintiff,<br><br>    v.<br><br>SCOTT LANGTON, et al.,<br><br>             Defendants. | CASE NO. C13-1764JLR<br><br>ORDER GRANTING LEAVE TO AMEND |

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion to amend his complaint. (Mot. (Dkt. # 19).)  The court has considered the submissions of the parties, the governing law, and the record in this case.  Having done so, and considering itself fully advised, the court GRANTS Plaintiff's motion.

//

//

//

ORDER- 1

## II. BACKGROUND

**A. Factual Background**

One evening in June, 2011, Plaintiff Dave Alexanderson and his neighbor had a dispute over the ownership of a toy car. (Compl. (Dkt. # 1) ¶¶ 3.1-3.6.) Plaintiff's neighbor called the police, and Defendant Scott Langton, a police officer for Defendant City of Blaine, responded. (*See id.*) Plaintiff alleges that, without provocation, Officer Langton yelled at him, pushed him, told him he was under arrest, struck him on the head, neck, and back, drug him across the parking lot, and threw him on the ground. (*Id.* ¶¶ 3.7-3.11.) Plaintiff is 54 years old, legally blind, and has several crushed vertebra in his spine that limit his mobility. (*Id.* ¶ 3.12.) After the arrest, Plaintiff filed this action against the City of Blaine ("City") and Officer Langton, alleging claims under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of N. Y.*, 436 U.S. 658, 669 (1978).

In its scheduling order, the court set the deadline for expert disclosures and reports for July 30, 2014, the deadline for amending the pleadings for July 30, 2014, the discovery deadline for September 29, 2014, and trial for January 26, 2015. (Sched. Order (Dkt. # 16).) Plaintiff filed a motion to amend his complaint on July 30, 2014. (*See* Mot.) On that day, Plaintiff also disclosed an expert witness who will testify regarding, among other things, probable cause, excessive force, and the City's police force customs and policies. (Plf. Disclosure (Dkt. # 21).) For their part, Defendants disclosed an expert witness who it appears will testify only as to excessive force. (Def. Disclosure (Dkt. # 18).) Defendants oppose Plaintiff's motion to amend. (Resp. (Dkt. # 22).) That motion is now before the court.

ORDER- 2

B.  **Proposed Amendments**

In his original complaint, Plaintiff alleged:

> 4.2 Langton arrested Dave without probable cause and without a warrant in violation of his civil rights.
>
> 4.3 Langton used excessive force when he placed Dave under arrest and after the arrest.
>
> . . .
>
> 4.6 Langton's arrest and use of excessive force was pursuant to a custom or policy of the Blaine Police Department.  As such, the City of Blaine is liable for Langton's actions.

(Compl. ¶¶ 4.2, 4.3, 4.6.)

Plaintiff's proposed amendment, which contains changes to only three paragraphs, reads in relevant part:

> 4.3 Langton used excessive force <u>when he detained Dave</u>, when he placed Dave under arrest and after the arrest.
>
> 4.6 Langton's arrest <u>without probable cause</u> and use of excessive force <u>were</u> pursuant to custom<u>s</u> or polic<u>ies</u> of the Blaine Police Department.  As such, the City of Blaine is liable for Langton's actions.

(Prop. Compl. (Dkt. # 20) ¶ V.2 (changes denoted by underline).)  The third change is the addition of a citation to 42 U.S.C. § 1988 to the complaint's request for costs and attorneys' fees.  (*Id.* ¶ V.2.)

### III.  ANALYSIS

A.  **Law Governing Motions to Amend**

Federal Rule of Civil Procedure 15 provides that, after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written

consent or by leave of the court.  Fed. R. Civ. P. 15(a).  "The court should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule should be interpreted and applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Federal policy favors freely allowing amendment so that cases may be decided on their merits.  *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

Courts consider five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  For each factor, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).  Moreover, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**B.  The Five Factors**

There is no evidence in the record, and no suggestion by Defendants, that Plaintiff advances his amendments in bad faith or that the amendments would be futile.  Additionally, the complaint has not been previously amended.  As such, these three factors all weigh in favor of granting leave to amend.

In assessing undue delay, a court considers not just whether the motion complies with the court's scheduling order, but also when the moving party "knew or should have

ORDER- 4

known the facts and theories raised by the amendment." *Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Here, Plaintiff's amendment was timely under the court's scheduling order. (*See* Sched. Ord.) Plaintiff's amendment does not add new facts, but rather seeks to clarify legal theories predicated on facts already alleged in the complaint. (*See* Prop. Compl.) It has been almost a year since Plaintiff filed his original complaint, and he gives no explanation as to why he could not have raised these clarifications earlier. (*See generally* Dkt.; Mot.) As such, this factor weighs against granting amendment. However, because the clarifications are minor, this factor weighs against granting amendment only slightly.

The final factor—prejudice to the opposing party—is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). To show prejudice, the party opposing amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Mansfield v. Pfaff*, No. C14-0948JLR, 2014 WL 3810581, at *4 (W.D. Wash. Aug. 1, 2014) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). Here, Defendants argue that they are unfairly prejudiced by the amendment because (1) the amendment seeks to add an entirely new *Monell* claim against the City for Plaintiff's arrest and (2) the deadline for expert disclosures has passed. (*See* Resp.) These arguments are unpersuasive.

First, the amendment does not seek to add a new claim. Plaintiff's original complaint adequately pleaded *Monell* claims against the City for both the arrest and the alleged use of excessive force. To wit: the complaint began by alleging claims against

Officer Langton for both unconstitutional arrest and use of excessive force.  (*See* Compl. ¶¶ 4.2 ("Langton arrested Dave without probable cause and without a warrant in violation of his civil rights."), 4.3 ("Langton used excessive force when he placed Dave under arrest and after the arrest."))  The complaint then alleged that "Langton's arrest *and* use of excessive force was pursuant to a custom or policy of the Blaine Police Department.  As such, the City of Blaine is liable for Langton's actions."  (*Id.* ¶ 4.6 (emphasis added).)  Consequently, the complaint plainly alleged that the City was liable for both Langton's actions of (1) making an unconstitutional arrest and (2) using excessive force.  (*See id.*)  The fact that the complaint referred to a singular custom or policy made for clumsy grammar, but did not affect the substance of the allegations.  Similarly, the fact that the complaint did not modify its second mention of Plaintiff's arrest with the phrase "without probable cause" is inconsequential when the complaint clearly stated, a mere four paragraphs earlier, that Plaintiff's arrest was without probable cause and therefore unconstitutional.  (*Compare id.* ¶ 4.6 *with id.* ¶ 4.2.)  Accordingly, permitting those changes now does not add a new claim to the complaint.  Rather, the changes simply clarify that the arrest and use of excessive force were pursuant to different City policies.

      Second, the passing of the expert disclosure deadline prior to this amendment does not unfairly disadvantage Defendants or deprive them of the opportunity to present evidence.  *See Mansfield*, 2014 WL 3810581, at *4.  Plaintiff's proposed amendment clarifies that Officer Langton employed excessive force both after Plaintiff was arrested and before, when Plaintiff was merely "detained."  (Prop. Compl. ¶ 4.3.)  Defendants have already disclosed an expert who will opine regarding "the overall use of force used

ORDER- 6

in this encounter and the tactics deployed by the officers." (Def. Expert Rep. (Dkt. # 18-1) at 1.)  A review of this expert's report shows that he addresses all of the uses of force alleged in the original complaint, regardless of whether those uses of force could be considered to have occurred during Plaintiff's arrest or during Plaintiff's detainment.  (*See generally* Def. Expert Rep.)  Even if Defendants feel that the report does not address this clarification adequately, they are free to supplement the report under Rule 26.  Fed. R. Civ. P. 26(a)(2)(E).  In addition, because discovery does not close for another six weeks, Defendants will have the opportunity to depose Plaintiff's expert on the clarification and to undertake any additional factual discovery necessitated by the amendments.

　　　　To the extent that Defendant's expert is not prepared to discuss a *Monell* claim predicated on Plaintiff's arrest, the fault lies with Defendants, not with Plaintiff's proposed amendments.  A pleading is adequate under Rule 8 if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiff's original *Monell* claim against the City for his arrest meets that standard.  The fact that Defendants misinterpreted that claim is not a basis for rejecting Plaintiff's clarifying amendments.  After all, Defendants were already on notice that Plaintiff was bringing a claim against Officer Langton for both unconstitutional arrest and excessive force.  If Defendants were confused by paragraph 4.6 in the original complaint, they could have inquired with Plaintiff as to its meaning via discovery requests or otherwise.

Because any lack of expert evidence that Defendants are facing is due not to Plaintiff's proposed amendment, but rather to their misapprehension and lack of diligence, they are not unfairly disadvantaged by the amendment. As such, Defendants have failed to carry their burden to show that they will be prejudiced. *See DCD Programs*, 833 F.2d at 187. This factor weighs in favor of amendment.

In sum, four of the five factors (including the most important factor of prejudice to the opposing party) weigh in favor of permitting amendment. Only one factor weighs slightly against permitting amendment, and it is well-settled that undue delay, by itself, is insufficient to justify denying a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Therefore, consistent with the federal policy of liberally granting leave to amend, the court grants Plaintiff's motion to amend. *See Morongo*, 893 F.2d at 1079.

### IV.   CONCLUSION

For these reasons, the court GRANTS Plaintiff's motion to amend (Dkt. # 19).

Dated this 18th day of August, 2014.

                                                                       _____
                                                                       JAMES L. ROBART
                                                                       United States District Judge