1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVE ALEXANDERSON, a Washington resident, | Case No.: 2:13-cv-01764 |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | [X] Jury Trial Requested |
| SCOTT LANGTON, in his individual capacity, and CITY OF BLAINE, a municipal corporation, | |
| Defendants | |

## I.  PARTIES

1.1     Plaintiff Dave Alexanderson is a resident of Whatcom County, Washington.

1.2     Defendant Scott Langton is believed to be a resident of Whatcom County, Washington.

1.3     Defendant City of Blaine is a municipal corporation in Whatcom County, Washington.

## II.  JURISDICTION and VENUE

FIRST AMENDED COMPLAINT - 1

BROWNLIE EVANS WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA  98225
Ph. (360) 676-0306 / F. (360) 676-8058

The action arises under federal law, 42 U. S. C. §1983.  The Court has jurisdiction pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

## III.  FACTS

3.1      In the early evening on June 8, 2011, Dave Alexanderson and Vida Moore, his friend and neighbor, returned home from the local food bank and began unloading groceries from Vida's car.  Dave and Vida live in different apartments within the same four-plex apartment unit in the 1600 block of Runge Avenue in Blaine, WA.

3.2      Another neighbor, Kathryn Miller, was in the process of moving out of her apartment.  Kathryn had told Vida that she was going to be giving away a couple of chairs.  Vida told Dave that she was going to Kathryn's apartment to check out the chairs.  Dave asked Vida to ask Kathryn to return the remote-controlled car that Dave had given to Kathryn's boyfriend to repair.

3.3      Kathryn lived in the four-plex apartment unit directly across the parking lot from Dave and Vida's unit and in the apartment directly across from Vida's.  When Vida got to Kathryn's apartment Vida told Kathryn that Dave wanted his toy car back.  In a loud voice Kathryn told Vida that she was not going to give the toy back.

3.4      Dave heard Kathryn make this comment to Vida. He walked to Kathryn's apartment and knocked on the door.  Kathryn did not open the door.  Dave told Kathryn he wanted his toy car back.  Kathryn told Dave she wasn't going to give the toy back. Dave told Kathryn that he wasn't going to let her steal the toy.  Kathryn told Dave she was going to call the police.  Dave said that was fine with him, and he walked back to Vida's apartment.

FIRST AMENDED COMPLAINT - 2

BROWNLIE EVANS WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA  98225
Ph. (360) 676-0306 / F. (360) 676-8058

3.5     Dave continued to unload groceries from Vida's car.  He looked forward to the police arriving because he thought they would help him get the toy back from Kathryn before she moved away.

3.6     Approximately five minutes after Dave's encounter at Kathryn's door a police car arrived.  Blaine Police Officer Scott Langton went to Kathryn's apartment and spoke with her briefly.  Langton then raced across the parking lot and started climbing the steps to Dave's apartment.  At this time, Dave was standing in the parking lot outside Vida's apartment eating a donut.  Vida mentioned to Dave that the police were there.  Dave called out to the officer, "I think you might be looking for me."

3.7     Langton raced down the steps and rushed up to Dave and Vida who were standing outside of Vida's apartment.  In a loud and angry voice Langton asked, "What's going on?"  Dave and Vida told Langton that nothing was going on.  In a louder and angrier voice Langton asked, "Then why is she saying that you threatened her?"  Vida told Langton, "If you knew her you wouldn't be asking that question."  Dave asked Langton to stop yelling at them.  Langton then stepped closer to Dave and with a louder, angrier voice and in a threatening manner told Dave to "put down that goddamned donut and go over there."

3.8     Dave turned to Vida and handed her the partially-eaten donut and frozen dinner that he was holding in his hands.  At the same time he told Langton, "I don't know where 'over there' is. I can't see very well."   Langton made a motion with his hands and then grabbed Dave's arm and yanked him back and forth between the two cars that were parked in front of Vida's apartment.  Dave asked Langton to stop yanking on him because Langton was hurting him.

FIRST AMENDED COMPLAINT - 3

BROWNLIE EVANS WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA  98225
Ph. (360) 676-0306 / F. (360) 676-8058

3.9     Langton pulled Dave towards the back of the two cars and told Dave to lean over the back of one of the cars.  Dave did so.  Langton told Dave that he was under arrest and going to jail.  Langton told Dave to put his hands behind his back so that he could be handcuffed.  Dave tried to do so, but because of a disability Dave was unable to put his hands together behind his back.

3.10    Langton struck Dave several times in the head, neck and back.  Dave told Langton that he could not put his hands together behind his back because he was disabled.  Dave told Langton that Langton was hurting him.  Langton struck Dave in the back again, grabbed Dave's arms, and forced them behind Dave's back.  Dave yelled out in pain.  Langton struck Dave repeatedly in the head, neck and back and forced Dave down onto the pavement, wrenched his hands behind his back, and handcuffed him.

3.11    Langton dragged Dave backwards across the parking lot by his right upper arm.  Dave complained about the pain this caused him.  Dave told Langton that his behavior made Langton appear foolish.  Langton threw Dave to the ground, leaned over him and in a loud voice said, "Why would she say that?" Dave answered, "Stop yelling at me. I don't know what she said."

3.12    At the time of the incident, Dave was legally blind, 54 years of age, 5-feet 4-inches tall, and weighed approximately 140 pounds.  He has several crushed vertebra that limit his ability to place his hands behind his back and cause him to suffer pain.  At the time of the incident, Dave wore a short-sleeved shirt, shorts, and glasses.

3.13    At the time of the incident, Langton was in his twenties, approximately 6-feet, 5-inches tall, and weighed approximately 260 pounds.

FIRST AMENDED COMPLAINT - 4

BROWNLIE EVANS WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA  98225
Ph. (360) 676-0306 / F. (360) 676-8058

3.14   Dave was initially charged with disorderly conduct.  Several months later, the City of Blaine added an additional charge of resisting arrest.

3.15   The charges were tried to a jury on February 6, 2012.  The jury found Dave not guilty of disorderly conduct and guilty of resisting arrest.  No judgment was entered.

3.16   On February 15, 2012, all charges against Dave were dismissed with prejudice.

## IV.  FIRST CAUSE OF ACTION
### Violation of Civil Rights, 42 USC sec. 1983, 1988

4.1   Dave realleges the allegations contained in paragraphs 1.1 through 3.16.

4.2   Langton arrested Dave without probable cause and without a warrant in violation of his civil rights.

4.3   Langton used excessive force when he detained Dave, when he placed Dave under arrest and after the arrest.

4.4   At all relevant times, Langton acted under color of state law.

4.5   Langton willfully and intentionally deprived Dave of his civil rights or acted with reckless or callous disregard to Dave's civil rights.

4.6   Langton's arrest without probable cause and use of excessive force were pursuant to customs or policies of the Blaine Police Department.  As such, the City of Blaine is liable for Langton's actions.

4.7   In the alternative, the Blaine Police Department failed adequately to train or supervise Langton.  This lack of adequate training or supervision constituted a custom or policy of the Blaine Police Department and demonstrated deliberate indifference to the rights of persons with whom Langton came into contact.  Had

FIRST AMENDED COMPLAINT - 5

BROWNLIE EVANS WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA  98225
Ph. (360) 676-0306 / F. (360) 676-8058

Langton been properly trained or supervised, Alexanderson's constitutional injuries would likely have been avoided.  As such, the City of Blaine is liable for Langton's actions.

    4.8    As a result of these constitutional violations, Alexanderson has suffered damages, including pain and suffering and emotional distress, in an amount to be determined a trial.

## V.  PRAYER FOR RELIEF

WHEREFORE, the plaintiff asks the court to grant the following relief:

1.    Money judgment against the defendants in an amount to be determined at trial.

2.    Costs and reasonable attorney's fees in an amount to be determined at trial. 42 U.S.C. § 1988;

3.    Punitive damages against Langton in an amount to be determined at trial.

4.    Such other relief that the court deems just and equitable.

Dated this 19th day of August, 2014.

BROWNLIE EVANS WOLF & LEE, LLP


By: _____/s/ Murphy Evans_____
        Murphy Evans, WSBA #26293
        Attorney for Plaintiff

BROWNLIE EVANS WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA  98225
Ph. (360) 676-0306 / F. (360) 676-8058